UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE RANDALL,

Plaintiff,

v.

SHEILA O'BRIEN et al.,

Defendants.

Case No. 2:26-cv-61

Honorable Robert J. Jonker

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

## I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues Administrative Law Judge Sheila O'Brien, Sergeant Unknown Sawyers, and Hearings Administrator Unknown Lockhart.

In Plaintiff's complaint, he alleges that on April 17, 2025, Defendant Sawyers reviewed Plaintiff on a class I misconduct report. (Compl., ECF No. 1, PageID.3.) During the review, Defendant Sawyers realized that the "room/cell number" on the report was incorrect. (*Id.*) Defendant Sawyers told Plaintiff that the misconduct report needed to be corrected, and that Defendant Sawyers "w[ould] be back to re-review [Plaintiff] on the misconduct once its corrected." (*Id.*) That same day, non-party Correctional Officer Campbell corrected the misconduct report. (*Id.*) Plaintiff states that the misconduct report was never re-reviewed with him. (*Id.*) Plaintiff asserts that "[p]olicy says a prisoner is supposed to get re-reviewed by [the] reviewing officer if the misconduct report requires correction or modification." (*Id.*)

On May 6, 2025, Defendant O'Brien conducted a hearing on the misconduct report and found Plaintiff guilty. (*Id.*) Plaintiff claims that Defendant O'Brien was "suppose[d] to be aware of errors or any possible violations before conducting a hearing[.]" (*Id.*) Plaintiff asserts that Defendant O'Brien found Plaintiff guilty "even though [Plaintiff] never received a misconduct properly." (*Id.* (phrasing in original retained).) Plaintiff timely appealed to Defendant Lockhart, asserting that the misconduct report was not "re-reviewed and stated its a due process violation[.]" (*Id.*) Plaintiff's appeal was denied, and he was given a "30[-]day[] restriction" sanction. (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated Plaintiff's right to due process under the Fourteenth Amendment. As relief, Plaintiff seeks compensatory and punitive damages as well as unspecified permanent injunctive relief. (*Id.*, PageID.4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Fourteenth Amendment Due Process Claims

Plaintiff asserts that Defendants violated his due process rights when he was not afforded a "re-review" of the misconduct report once it was corrected, and when Defendant O'Brien conducted the hearing without being made aware of the corrected error on the report. (*See* Compl., ECF No. 1, PageID.3.)

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process claim, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

In *Sandin v. Conner*, the United States Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. 515 U.S. 472, 483–84 (1995). According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his [or her] sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 487, 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995). In *Sandin*, the Court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation for thirty days did not constitute an atypical and significant hardship within the context of his prison life. 515 U.S. at 486–87; *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).

Without a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

In this case, Plaintiff was found guilty of a class I misconduct charge and given a "30[-]day[] restriction" as a sanction. (Compl., ECF No. 1, PageID.3.) Plaintiff does not explain what this restriction specifically entailed. (*See id.*) As explained below, whether a "30[-]day[] restriction" means that Plaintiff lost certain privileges for 30 days or was placed in segregation for 30 days, he fails to state a due process violation.

To state a Fourteenth Amendment procedural due process claim, Plaintiff must show that the sanctions he received as a result of the misconduct conviction "inevitably affect[ed] the duration of [Plaintiff's] sentence" or imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 487, 484. However, the sanctions available in the MDOC disciplinary scheme do not affect the duration of an inmate's sentence, and placement in segregation or non-bond status and the loss of certain privileges for a thirty-day period does not constitute an "atypical and significant hardship," as contemplated by *Sandin*. *See, e.g.*, *Thomas v. Eby*, 481 F.3d 434, 439–40 (6th Cir. 2007) (discussing that the loss of disciplinary credits under the MDOC's disciplinary scheme does not affect the duration of a prisoner's sentence); *Sandin*, 515 U.S. at 486 (holding that placement in segregation for 30 days does not impose an atypical and significant hardship); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (finding that 61 days in segregation is not atypical and significant); *cf. Bazzetta*, 430 F.3d at 803–05 (concluding that a permanent, but reviewable, loss of visitation privileges did not "rise[] to the level of egregious conduct necessary to implicate the implicit guarantees of the Due Process Clause" (citing *Overton v. Bazzetta*, 539 U.S. 126, 134 (2003))); *Argue v. Hofmeyer*, 80 F. App'x

427, 429 (6th Cir. 2003) (finding that prisoners have no constitutional right to rehabilitation, education, or jobs). In short, Plaintiff fails to show that the 30-day restriction he received as a sanction for the misconduct charge constituted an "atypical or significant hardship," and he fails to state any due process claims regarding his receipt of this misconduct charge. *See Sandin*, 515 U.S. at 484.

Accordingly, for the reasons set forth above, Plaintiff's Fourteenth Amendment due process claims will be dismissed for failure to state a claim.

**IV. Section 1983 Claims Regarding Violation of the MDOC's Policies**

Plaintiff also claims that Defendants failed to adhere to MDOC policy when they did not re-review the corrected misconduct report with Plaintiff. (*See* Compl., ECF No. 1, PageID.3.) However, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States," *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982), and § 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994) (holding that a parole board's failure to follow state procedural standards could constitute a violation of state law but not federal law). Therefore, Plaintiff's assertions that Defendants violated the MDOC's policies fail to state a claim under § 1983.

Moreover, courts have routinely recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim*, 461 U.S. at 250; *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001) *see also McGlothan v. Aikens*, No. 2:23-cv-126, 2023 WL 5088898, at *5–6 (W.D. Mich. Aug. 9, 2023) ("[A] policy violation does not equate to a constitutional violation."). Thus, Plaintiff's allegation that Defendants violated prison policy fails to raise a cognizable federal claim.

Accordingly, for the reasons set forth above, Plaintiff's § 1983 claims regarding the violation of the MDOC's policies and procedures will be dismissed for failure to state a claim.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: August 31, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge